PAGÁN ET AL., PLAINTIFFS AND APPELLANTS, *v.* SELLÉS ET AL., DEFENDANTS AND APPELLANTS.

APPEAL from the District Court of Humacao in an Action of Ejectment.

No. 2119.—Decided July 21, 1921.

PROPERTY OF MINORS—AUTHORIZATION OF COURT.—In accordance with the rule laid down in *Longpré* v. *Díaz,* 237 U. S. 512, a sale of real property by an executor for the payment of the debts of the deceased without authorization of court is null and void although the testator may have stated in his will that he had previously agreed to convey the property to the creditors to whom it was sold later by the executor, if the testator's purpose in making the conveyance does not appear.

ID.—APPEAL—THIRD PERSON—PRESCRIPTION.—If the pleas of third person and acquisition by prescription have not been raised in the answer they will not be considered on appeal.

ID.—JUST TITLE.—A sale of property of minors by an executor without authorization of court does not pass the just title required as one of the essential elements for acquiring ownership by prescription.

The facts are stated in the opinion.

*Messrs. J.* and *M. Tous Soto* for the plaintiffs.

*Messrs. Guerra & Soldevila* for the defendants.

MR. JUSTICE WOLF delivered the opinion of the court.

Francisco José Santa Ana, also known as Francisco José Santana, died in February, 1888. The twelfth clause of his will was as follows:

"He declared that he was single and without ascendants or legitimate descendents, and that four children are living with him who are natural children of the said Guillerma Pagán, by name José, Mercedes, Juan de Mata and Eugenio Pagán, whom he adopts as his chidren."

We find no other act of adoption of the said children. In the said will he made these four children his heirs. The sixth clause of his will was as follows:

"He declared that after having been in Caguas for the purpose of paying his debts to the only creditors he then had, to wit, Pedro Más, Sobrinos de Puigmoler, Luis Sala and Jaime Vilá, liquidator of the firm of Vilá & Isern, Sala and Vilá were paid in the manner to be hereafter recited, as was chosen by the latter, and Más and Sobrinos de Puigmoler being the only persons to whom payment was pending, Fernando Plá, a member of the said firm of Sobrinos de Puigmoler, a few days later agreed to take the mortgaged house for the sum of six thousand dollars, the price at which it was offered to him by the testator, although it is worth more than twice that amount, so that they could collect their account and pay the debt of Más, which agreement was not carried out by the said partnership although it was made in the presence of witnesses, there having been also some private correspondence between the testator and the said partnership with regard to the said agreement, the matured mortgage deed as well as the explanatory deed already referred to being therefore renewed, it also clearly appearing that in the said agreement it was also added that the surplus of the six thousand dollars, the price of the said house, after payment was made to said partnership and to Pedro Más, should be returned to the testator, all of which he recites herein for the proper effects and if his heirs should at any time wish to make use of the right."

The sixteenth and nineteenth clauses of his will are as follows:

"Sixteenth: He named as his testamentary executors, in the first place, Guillerma Pagán; in the second place, Rev. Joaquín Salas,

and, in the third place, Juan Bonet, duly authorizing them to act either severally or jointly in the fulfillment of the duties required of them, conferring upon them such ample and sufficient power as under the law is necessary and without limitation whatsoever, and extending the period of the executorship prescribed by the law to the longest that should be required.''

"Nineteenth: I specially forbid any judicial interference in the settlement of my estate, it being my desire that it should be done extra-judicially and in one act of inventorying, appraising and partitioning, all without prejudice to the approval by the court, inasmuch as there are minor heirs.''

Guillerma Pagán subsequently transferred the property described in the sixth clause to the firm of Sobrinos de Puigmoler, mentioned in said sixth clause of the will.

The said four Pagán children, being minors at the time of the said transfer made by their mother Guillerma Pagán and no authority having been obtained from the court to transfer the property of the said children, Juan and Eugenio Pagán filed this complaint against Hermanos Sellés y Sobrino and against Mercedes and José Pagán, who refused to join their brothers as complainants. The defendants, Hermanos Sellés y Sobrino, are the successors in title of Sobrinos de Puigmoler and the theory of the complaint is that the adjudication to Puigmoler is absolutely null and void, following the decision of *Longpré* v. *Díaz,* 237 U. S. 512.

The answer of the defendants Hermanos Sellés y Sobrino denied the facts of the complaint. After a trial the court rendered judgment for the complainants and the most important clause of the judgment is as follows:

"To-day, June 30, 1919, the court, in accordance with its opinion united to the record in the case, considers that it should, and it does, render judgment in favor of the complainants and in benefit of the succession of Francisco José Santana, adjudging that Hermanos Sellés y Sobrino should revendicate such succession in the possession and enjoyment of the real property which is claimed and render to such succession the fruits which the said real estate may have produced

from the 23d of February, 1917, the date of the notification of the initial complaint in this suit.''

The defendants Hermanos Sellés y Sobrino appealed and notified the two complainants Juan and Eugenio Pagán, but did not notify the two defendants Mercedes and José Pagán. The appellees moved to dismiss the appeal on the ground that this court was without jurisdiction to hear the case, inasmuch as Mercedes and José were interested adverse parties and that the reversal of the judgment would affect them. The appellees are of course right in maintaining that a judgment can not be reversed without notice to adverse parties. However, by reason of the form of the judgment in this case, the appellees might, as indicated by the court below, be considered to be acting in the name of the whole succession, and by reason of the fact that the heirs not notified of the appeal did not appear and took no step in the action, and also because the summons did not clearly identify the defendant as an entity or an individual, we have sufficient doubts to prefer not to dismiss the case, especially as an examination of the merits convinces us that the judgment must be affirmed.

Except for the sixth clause of the will we have quoted, the case falls clearly within the principle enunciated in *Longpré* v. *Díaz, supra,* as found by the court below. Was that clause a direction to transfer the property to the creditor? If the clause be examined it will be noticed that there is no mention of the executrix, but the heirs are left an absolute discretion to do what they please. The transfer, however, was made by the executrix in the name of the heirs and the record does not show that they intervened in any way. There is nothing, therefore, to show that the transfer was different from the kind not permitted by law, as indicated in *Longpré* v. *Díaz, supra.* This case is even less strong than some that have come before us, as there is not the customary partition of the estate from which perhaps a notion might be formed

that the heirs were benefited by the transfer, so that cases like *Vázquez* v. *Santalís,* 26 P. R. R. 614, and *Ortiz* v. *Passalacqua,* 26 P. R. R. 578, are not applicable.

As for the defence of acquisitive prescription, it was not raised by the answer, and the nullity in this case, we incline to believe, is of the kind that would not permit the rise of a just title. The defence of being a third person was not raised by the answer and need not be considered.

The judgment must be

*Affirmed.*

Chief Justice Hernández and Justices Del Toro, Aldrey and Hutchison concurred.